```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
SONIA MARTINEZ,

                Plaintiff,                           **MEMORANDUM AND ORDER**
                                                     13-CV-0834 (FB)
        -against-

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*,

                Defendant.
---------------------------------------------------x
```

*Appearances*

| For the Plaintiff: | For the Defendant: |
|---|---|
| RICHARD P. MORRIS, ESQ. | RACHEL G. BALABAN, ESQ. |
| Klein, Wagner, & Morris, LLP | Assistant United States Attorney |
| 227 Broadway, 9th Floor | 271 Cadman Plaza East, 7th Floor |
| New York, NY 10007 | Brooklyn, NY 11201 |

CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Drive
Shoreham, NY 11786

**BLOCK, Senior District Judge:**

Sonia Martinez ("Martinez") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Both parties move for judgment on the pleadings. For the reasons stated below, the Commissioner's motion is denied and the Court remands for further proceedings.

**I**

Martinez, who worked as a clerical associate at Kings County Hospital, fractured her right thumb in August 2008. Despite having surgery, she continued to experience severe pain. Martinez quit her job and on July 28, 2009, she filed her application for DIB, alleging an onset date of August 5, 2008. In addition to thumb pain, Martinez claimed that she also suffered from back pain, sleep apnea, numbness and stiffness, asthma, and hypertension. After her initial claim was denied, an Administrative Law Judge ("ALJ") conducted a hearing and also denied her claim. The Appeals Council denied her request for review, rendering final the Commissioner's decision to deny benefits.

Applying the five-step evaluation process,[1] the ALJ found that: (1) Martinez had not engaged in substantial gainful activity since August 5, 2008; (2) her asthma, lumbosacral disc disease, cervical disc disease, hypertension, obesity, moderate carpal tunnel syndrome, and left acoustic neuroma qualified as severe impairments; and (3) her impairments did not meet or medically equal the criteria for a listed impairment.

---

[1] The Social Security Administration's regulations set forth a five-step process for determining disability. The Commissioner must find a claimant disabled if she determines "(1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir.2002) (citing 20 C.F.R. § 404.1520(b)-(f)).

The ALJ then determined that Martinez had the residual functional capacity ("RFC") to perform sedentary work. Applying that RFC to the remaining steps, the ALJ found that (4) Martinez was unable to perform her past relevant work, but (5) she could perform other work existing in significant numbers in the national economy.

Martinez contends that the ALJ erred in making her RFC determination because she gave some, "but not controlling weight," to the opinions of two treating physicians—Dr. Kaplan and Dr. Folk—and instead accorded controlling weight to the opinion of Dr. Friedman, a consultative examiner. AR at 20. And because the RFC assessment was flawed, Martinez argues that testimony of a vocational expert was also flawed.

**II.**

A treating physician's opinion is to be given "controlling weight" as to the nature and severity of the claimant's impairments, as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Schaal v. Apfel*, 134 F.3d 496, 503 (2d Cir. 1998) (quoting 20 C.F.R. § 404.1527(d)(2)). If the opinion of a treating physician is not accorded controlling weight, it must be evaluated

according to specific regulatory criteria. *See id.* § 404.1527(d)(2).[2] "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

*1. Treating Physician Dr. Kaplan*

Dr. Kaplan examined Martinez on multiple occasions, and completed a physical capacity evaluation in which he opined that she could carry two pounds frequently and five pounds occasionally; stand or walk for up to two hours per day; and sit for less than two hours per day. He made a hand notation that her limitations were due to her lower back pain. AR at 790.

The ALJ refused to give controlling weight to Dr. Kaplan's opinion because it was "*not consistent* with the overall evidence." AR at 20 (emphasis added). She stated that "other reports contained in the record reflect no motor or sensory deficits and no atrophy." *Id.* But Dr. Kaplan's reports repeatedly and *consistently* noted that Martinez had no focal motor deficits. *See* AR at 176, 617, 695 (reproducing reports from October 2009, January 2010, and February 2010). Morever, the ALJ is at odds

---

[2] Those criteria, which govern the evaluation of all medical opinions, include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors [that tend to support or contradict the opinion]." *Schaal,* 134 F.3d at 503 (citing 20 C.F.R. § 404.1527(d)). Two other criteria— whether the physician has examined the claimant and whether the physician has treated the claimant— are presumed to exist for the opinion of a treating physician, but must be considered when evaluating any other medical opinion. *See* 20 C.F.R. § 404.1527(d).

with herself: in her summary of Dr. Kaplan's reports she wrote that "No focal motor deficits were noted [by Dr. Kaplan]." AR at 15. Far from being a "good reason," the inconsistency is nonexistent. *Snell*, 177 F.3d at 133.

**2. Dr. Folk**

The ALJ declined to give Dr. Folk's opinion controlling weight because his "opinions varied" and they were also "not consistent" with the overall record. AR at 20. Yet again, good reasons were absent.

First, the ALJ highlighted a single variance between Dr. Folk's February and March 2010 reports. AR at 17. In one, Dr. Folk stated that Martinez could not lift any weight, and in the other that she could occasionally lift up to twenty pounds. *Id.* This is hardly substantial, and certainly does not warrant the rejection of both Dr. Kaplan and Dr. Folk's opinions, as the difference between the two reports does not undermine any other assessment of Martinez's functional limitations, nor does it demonstrate that she can work. *See, e.g.*, *Green-Younger v. Barnhart,* 335 F.3d 99, 108 (2d Cir. 2003) ("By contrast, the only evidence which might be inconsistent with Dr. Helfand's opinion is not substantial—that is, it cannot reasonably support the conclusion that appellant can work."). Over two years, Dr. Folk reported numerous limitations in Martinez's ability to move as well as multiple environmental restrictions. AR at 17.

Furthermore, Dr. Folk's reports were *consistent* with the overall evidence. Dr.

5

Folk's opinion about Martinez's limitations on lifting and carrying exactly matched those in Dr. Kaplan's report. *See* AR at 788, 790. Both doctors also found that she was limited to standing or walking up to two hours per day. *Id.*

The only difference between their assessments of the severity of Martinez's functional limitations was that Dr. Folk opined that she could sit for less than six hours per day, in contrast to Dr. Kaplan's opinion of less than two hours per day. *Id.* This difference is academic when it comes to determining a claimant's RFC, because both mean that she cannot sit for "up to 6 hours per day," which is generally required to perform sedentary work. *See Penfield v. Colvin,* 2014 WL 1673729, *1 n.1 (2d Cir. 2014) (explaining that at the sedentary level of exertion, sitting should generally total 6 hours of an 8–hour workday) (citing the agency's *Determining Capability To Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work,* 61 Fed. Reg. 34478, 34480 (Social Security Admin. July 2, 1996)).

### 3. Consulting Examiner Dr. Friedman

Meanwhile, the ALJ placed "considerable weight" on Dr. Friedman's assessment, reasoning that "it is consistent with the overall evidence." AR at 20. Dr. Friedman opined:

> The claimant has moderate limitations to bending, lifting, and carrying secondary to back pain. She also has moderate

> limitation to reaching and carrying with her right arm secondary to right shoulder pain and immobility. She has mild limitation to walking secondary to her limp. She should avoid respiratory irritants secondary to asthma.

AR at 483.

Martinez argues that Dr. Friedman's statement contained terms so vague that it failed to meet the requirements enumerated in 20 C.F.R. § 404.1519n. Martinez raised this objection to Dr. Friedman's report at the hearing before the ALJ, but the ALJ responded by stating:

> Dr. Friedman's opinion does describe the claimant's ability 'to do work-related activities, such as sitting, standing, walking, lifting, carrying. . . .' pursuant to 20 C.F.R. § 404.1519n. Additionally, United States District Court for the Eastern District of New York has upheld Administrative Law Judge's decisions in cases where consultative examiners have used terminology including mild and moderate. (*See, e.g. Ramos v. Astrue*, 2010 U.S. Dist. LEXIS 85461 (E.D.N.Y. 2010)).

AR at 20.

"Not all expert opinions rise to the level of evidence that is sufficiently substantial to undermine the opinion of the treating physician," *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008), and Dr. Friedman's opinion is one that does not. That the ALJ inferred from Dr. Friedman's opinion that Martinez could perform sedentary work was unreasonable. This type of vague and conclusory medical determination—that is, one that describes a claimant's RFC in terms such as "mild" and "moderate"—has been rejected by the Second Circuit as

insufficient. *Curry v. Apfel,* 209 F.3d 117, 123 (2d Cir. 2000) (describing the evidence as "so vague as to render it useless in evaluating whether Curry c[ould] perform sedentary work. In particular, Dr. Mancehno's use of the terms 'moderate' and 'mild' does not permit the ALJ . . . to make the necessary inference that [plaintiff] can perform sedentary work.") Because Dr. Friedman's opinion repeatedly couched Martinez's limitations in terms so vague as to render it useless, the ALJ erred in relying on her medical source statement. *Id.*

### *4. Vocational Expert Testimony*

Finally, Martinez contends that the vocational expert's testimony was flawed because it was based on a flawed RFC assessment. The Court agrees. A vocational expert's opinion is useful only when based on a claimant's actual capabilities. *Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1981). Here, the ALJ improperly rejected several medical opinions and concluded instead—based upon Dr. Friedman's vague report—that Martinez could sit for six hours. Because the ALJ's errors make it impossible to determine Martinez's RFC, it is also not possible to determine whether the vocational expert's opinion was proper.

**III**

Martinez seeks a remand for calculation of benefits, rather than for further administrative proceedings, based on the "substantial evidence of disability." Pl.'s Mem., Dkt. No. 27, at 1, 25 (Feb. 6, 2014). But when a Court cannot say that "application of the correct legal standard could lead to only one conclusion, "further proceedings are

appropriate." *Schaal,* 134 F.3d at 504.

The ALJ erred by rejecting medical opinions without providing good reasons, and failed to fully develop the record when faced with vague reports from a consulting examiner. *See Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009) (the ALJ must "affirmatively develop the record," regardless of whether the claimant is represented by counsel); *see also Sims v. Apfel*, 530 U.S. 103, 111 (2000) (explaining that it is the ALJ's duty "to investigate the facts and develop the arguments both for and against granting benefits"). Yet those same errors make it impossible to determine Martinez's RFC, and by extension, whether the vocational expert's opinion—that Martinez can work—was proper. Accordingly, the case must be remanded for further proceedings.

### III

For the foregoing reasons, the Commissioner's motion is denied, and the case is remanded for further proceedings.

**SO ORDERED**

                                             /S/ Frederic Block
                                             FREDERIC BLOCK
                                             Senior United States District Judge

Brooklyn, New York
May 19, 2014